THE STATE, EX REL. JEREMIAH B. CLEVELAND, v. THE BOARD OF FINANCE AND TAXATION OF JERSEY CITY.

Where a statute ordering a compulsory arbitration by a city, is of doubtful construction, and the legal right under it is not clear, and an award is made to which proper objections are stated, the party claiming its enforcement against the city must use the ordinary remedy, by action on the award, and is not entitled to a *mandamus*.

On rule to show cause why a *mandamus* should not issue to pay an award against the city of Jersey City, in favor of the relator.

Argued at June Term, 1877, before Justices SCUDDER and DIXON.

For the relator, *F. McGee.*

For the respondents, *C. H. Winfield, W. A. Lewis,* and *H. Traphagen.*

The opinion of the court was delivered by

SCUDDER, J.   By an act of the legislature of the State of New Jersey, approved March 7th, 1877, (*Laws, p.* 359,) entitled "An act to enable the city authorities of Jersey City to make a settlement with the contractor for the construction of reservoir number three of the Jersey City Water Works," an act approved March 29th, 1875, entitled "An act relative to reservoir number three of the Jersey City Water Works," was repealed.

The repealing act relates, substantially, to the same subject matter as that contained in the former act, but is more extended in its provisions, and more specific and stringent in its enforcement against the city of Jersey City, and in favor of the relator.

In general terms, it requires that all claims of the said Jeremiah B. Cleveland against the city of Jersey City, in con-

nection with the contract therein named and the reservoir therein mentioned, together with the sewer therewith connected, be referred to arbitrators, who shall hear and determine the whole matter, and award such a sum as, under all the circumstances of the case, should justly be paid by said city to said Cleveland, in full satisfaction of his claims in the premises. It provides for the selection of arbitrators, prescribes their duties, and particularly that, in reaching their conclusions, the arbitrators shall not be bound by the prices mentioned in the contract referred to in the preamble of the act, but shall allow to him such prices as the work done and materials furnished were reasonably worth at the time they were done and furnished, &c.

It further enacts that the award of the arbitrators shall be final and binding upon all parties, and not subject to be reviewed, and that the board of finance and taxation shall forthwith pay to said Jeremiah B. Cleveland the amount awarded to him, out of money in the treasury ; and if there be no money, then said board shall forthwith cause to be issued the bonds of the city, and out of the proceeds, pay to said Cleveland the sum so awarded, as aforesaid, any law to the contrary notwithstanding.

Upon payment, Cleveland is required to execute a release to the city.

Arbitrators chosen by the parties under the act, have awarded to the relator the sum of $127,592.62.

The city board of finance and taxation claim that the award is based upon plain mistake of law and facts, is in excess of the authority given by the act, that prospective damages are allowed, and that the terms of the compulsory submission to arbitration are beyond the legislative power in setting aside and disregarding the contract by which the rates of charge are fixed for the work and materials, and in other respects.

In considering whether a *mandamus* should be allowed in this case, we have not thought it necessary or advisable to determine the objections to this statute, and to the form of

Cleveland v. Board of Finance of Jersey City.

the award, but only whether it is a proper case for the extraordinary remedy afforded by this writ. The act is framed so manifestly in the interest of one party, and is so remarkable in its terms, that it does not commend itself to the favorable consideration of a court of justice. We feel that the city which complains of the oppressive effect of this legislation, should be permitted to contest this award and the important questions arising under it, according to the usual forms of procedure, if the relator has this remedy open to him.

The well-known principle of law applicable to this subject, is so well established, that I need only refer to it as stated in *High on Ex. Rem.*, § 10. The object of a *mandamus* is not to supersede other remedies, but rather to supply the want of them. Two prerequisites must exist to warrant a court in granting this extraordinary remedy—first, it must appear that the relator has a clear legal right to the performance of a particular act or duty, at the hands of the respondents; and, second, that the law affords no other adequate or specific remedy to secure the enforcement of the right, and the performance of the duty which it is sought to coerce.

It cannot be said that the relator has a clear legal right to have this award performed, for grave doubts are suggested upon the face of the award, and upon the construction of the statute authorizing it.

That there is a proper and adequate remedy for its enforcement, cannot be doubted, for actions on awards are the usual methods of coercion, where the submissions are not made rules of court. When the relator shall obtain a judgment on his award, and the board of finance and taxation refuse to satisfy it from money in the treasury, or to issue bonds for the payment thereof, then it will be time for him to ask the aid of this court in enforcing payment by the extraordinary writ of *mandamus*.

The writ is refused, and the rule to show cause discharged, with costs.